## Pittsburg, Cincinnati, Chicago & St. Louis R. R. Co. v. West Chicago St. R. R. Co.
### and
## Chicago, Burlington & Quincy R. R. Co. v. West Chicago St. R. R. Co.

1. EMINENT DOMAIN—*Where Condemnation Proceedings Do Not Lie.* —Condemnation proceedings do not lie for mere damage, if no property is taken.

**Memorandum.**—Bill for injunction. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed March 6, 1894.

LOESCH BROTHERS, attorneys for appellants.

E. JAMISON and GEORGE HUNT, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

These two cases are alike with one exception to be noted. Both are bills filed by the appellants to enjoin the appellee from extending the tracks of the street railway across the tracks of the appellants at street crossings, and the only question is whether the appellee should first proceed to condemn, under the eminent domain act.

In the first case, the fee at the crossing is in the city; in the second, in the appellant, subject to the public easement as a street. We are of opinion that this difference of fact makes no difference in principle, and that the Circuit Court rightly dismissed both bills for want of equity.

It is enough for us to refer to sections 722–723, of Dillon's Municipal Corporations for the reasons. Condemnation proceedings do not lie for mere damage, if no property is taken. Stetson v. Chicago & Eastern Illinois R. R. Co., 75 Ill. 74. Affirmed.